IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEMAK TRUST, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-1855-RGA |
| RECKITT BENCKISER, LLC, | : | |
| Defendant. | : | |

MEMORANDUM ORDER

For the reasons stated in open court on May 4, 2021, IT IS HEREBY ORDERED that:

The motion to exclude testimony relating to GEMAK's testing and infringement experts (D.I. 175) is **DENIED**. It is premised upon Defendant's argument that a review of Dr. Nuckolls' report and a statement by Dr. Clauss at deposition means that Dr. Nuckolls' SEM analysis is unreliable. (D.I. 176 at 4). While it is true that the report puts photos that are at different magnifications, Dr. Nuckolls' analysis is not limited to comparing the photos in the body of the report. (*See, e.g.*, D.I. 183-2, Ex. B at ¶ 142) (stating "I conclude from my review of the above two figures, as well as the additional images included in Exhibit I1"). The appendix has numerous additional photos, and I do not read the report as engaging in some sort of unscientific analysis. I note that Defendant's experts made no comment in their reports on what Dr. Nuckolls did. I also do not think using different beads in the before and after photos makes the method unreliable. At most, what Defendant raises is a matter for a motion in limine or for cross-examination.

The motion for summary judgment of invalidity due to indefiniteness (D.I. 177) is **DENIED**. I do not think the indefiniteness argument is waived. Bringing it up on the basis that

Plaintiff's experts construed the construction provides a reasonable justification for it being raised late. (D.I. 215 at 7-8). However, Defendant's invalidity argument is premised on the argument that Dr. Clauss could not put a percentage on what it meant to be "surrounded and enclosed." (D.I. 178 at 7). It does not appear to me that experts in the field use a percentage analysis for what is "encapsulated' or "surrounded and enclosed." (*See* D.I. 198 at 9-10). As Plaintiff noted, "a patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement." *Sonix Tech. Co. v. Publ'n Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017) (quoting *Invitrogen Corp. v. Biocrest Mfg.*, L.P., 424 F.3d 1374, 1384 (Fed. Cir. 2005)). Defendant is relying primarily on expert testimony wherein Dr. Clauss was reluctant to impose a specific percentage limitation after explaining that "people of skill in the art who practice detergent ingredient encapsulation very seldom do a quantitative measurement of surface coverage." (D.I. 183-5, Ex. E at 158:6-10). Certainly, since Defendant has no additional expert testimony supporting its argument,[1] it cannot be said that Defendant has proven indefiniteness by clear and convincing evidence.

The motion for summary judgment of no willful infringement and no enhanced damages (D.I. 179) is **GRANTED in part** and **DISMISSED in part.** Plaintiff has no evidence of willfulness. That part of the motion is therefore granted. Based on the briefing, Plaintiff presently has no evidence that Defendant had any awareness of the asserted patent before it expired. It has no evidence that Defendant's parent had any awareness either.[2] Plaintiff seeks

---

[1] Defendant notes that Dr. Clauss offered a quantitative surface measurement test when asked how to tell whether the percarbonate in Mr. Hinton's patent is encapsulated, but Dr. Clauss first qualified this statement with "I don't think there is a standard test to answer that question." (D.I. 178 at 8) (citing D.I. 183-5, Ex. E at 173:4-16).

[2] Mr. Hinton testified that he had two phone conversations between 2004 and 2006 with someone at a European Reckitt entity in Germany or Holland and sent them product samples. (D.I. 203,

leave to depose a witness from Defendant's sister company. (D.I. 197 at 2). The witness appears to be a formulation scientist who was working for the sister company (or at least for related companies) continuously for the last eighteen years. (D.I. 197 at 2; D.I. 203, Ex. 23). Plaintiff had wanted to depose this witness earlier, but the pandemic intervened. (D.I. 197 at 3). The record reflects that I entered an order permitting deposition of the witness after what was otherwise the close of fact discovery. (D.I. 135). Thus, if the deposition can be accomplished in the next three weeks, I will permit it. It will be limited to three hours. If it provides evidence of willfulness, I will reconsider my ruling. But I will not sever willfulness from the rest of the case. The request for no enhanced damages is dismissed as premature, inasmuch as the time for consideration of enhanced damages is post-trial.

The motion for summary judgment of non-infringement (D.I. 181) is **DENIED**. Without even considering the other evidence Plaintiff asserts to exist, I think the Defendant's documents describing the product and the SEM analysis are sufficient to create an issue for the jury. (*See* D.I. 182 at 8-13).

The motion to exclude unreliable testing and evidence from Dr. Lalgudi (D.I. 184) is **DENIED**. Plaintiff concedes that Raman Spectroscopy is established science and a "commonly used technique." (D.I. 218 at 9). Defendant cites scientific sources for the proposition that it is a scientific method that can be used for studying surfaces, which is what Dr. Lalgudi uses it for. (D.I. 196 at 5-6). Plaintiff's argument with Dr. Lalgudi's testing is that he used and interpreted it incorrectly. (D.I. 218 at 9). I think the dispute here is at most a dispute between experts on that point, which is an issue to be resolved at trial, not on a Daubert motion.

---

Ex. 21 at 535:20-537:5). He also testified that he did not remember mentioning the '514 Patent to this individual, only that he would have stated he had worldwide patent rights. (*Id*. at 541:7-19). The '514 patent issued September 7, 2004.

IT IS SO ORDERED this 4th day of May 2021.

                                                     /s/ Richard G. Andrews
                                                     United States District Judge